FILED
1/31/17 12:12 pm
CLERK
U.S. BANKRUPTCY
COURT - WDPA

# UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

## CONCILIATION CONFERENCE MINUTES

### *Conciliation Conference:*

      Debtor: Randall R. and Anne M. Roda
      Case Number: 16-10665              Chapter: 13
      Date / Time / Room: January 24, 2017 at 11:00 a.m., Bankruptcy Courtroom
      Hearing Officer: CHAPTER 13 TRUSTEE

*Matter:*    #20 - Final Confirmation of Plan dated 8/10/16 (NFC)

### *Appearances:*

Debtor:    *Freitag*
Trustee:    Winnecour / **Bedford** / Katz / Pail

Creditor:

### *Proceedings:*    CONFIRMATION ORDER TO BE ENTERED

Recommended Outcome:

1. _____ Case Converted to Chapter 7
2. _____ Case Converted to Chapter 11
3. _____ Case Dismissed without Prejudice
4. _____ Case Dismissed with Prejudice
5. _____ Debtor is to inform Court within _____ days their preference to Convert or Dismiss
6. _____ The plan payment/term is increased/extended to _____, effective _____.
7. _____ Plan/Motion continued to _____ at _____.
8. _____ An Amended Plan is to be served on all creditors and certificate of service filed by _____
      Objections are due on or before _____ .
      A hearing on the Amended Plan is set for _____ at _____.

9. _____ Other:

_____Roda_____ Case No. _16-10665_ TPA
Debtor(s)

Chapter 13 Plan dated __8-10-16__    Issued per the **January 24, 2017** Proceeding

Next Hearing Date:_____
& time:

☐ No Changes

(37)

☐ A. For the remainder of the Plan term, the Plan payment is amended to be $_____ as of _____. Debtor(s)' counsel shall file a motion to amend the income attachment order within five (5) days of the date of this Order.

☐ B. The length of the Plan is increased to a total of _____ months. This statement of duration of the Plan is an approximation. The Plan shall not be completed until the goals of the Plan have been achieved. The total length of the Plan shall not exceed sixty (60) months.

☐ C. Plan confirmation is on an interim basis only as a form of adequate protection. The Trustee is authorized to distribute to secured and priority creditors with percentage fees.

☐ D. Plan confirmation is subject to the resolution of all actions to determine the avoidability, priority or extent of liens, including determination of the allowed amount of secured claims under 11 U.S.C. §506, disputes over the amount and allowance of claims entitled to priority under 11 U.S.C. §507, and all objections to claims.

☐ E. The allowed claims of general unsecured creditors shall be paid from available funds on a pro rata basis, which may represent an increase or decrease in the amount projected in the plan.

☐ F. _____ shall be paid monthly payments of $_____ beginning with the Trustee's _____ distribution and continuing for the duration of the plan term, to be applied by that creditor to its administrative claim, budget payments and/or security deposit. These payments shall be at the **fifth** distribution level.

☐ G. Fee application needed if fees (including retainer) exceed $2,000/$2,500.

☒ H. The claims of the following creditors shall govern as to amount, classification and rate of interest (or as otherwise noted), unless the debtor(s) successfully objects to the claim: IRS (c#4); Quantum3 Group LLC (c#1) at 0% interest; Midfirst Bank (c#8)

☒ I. Additional Terms:

The secured claim(s) of the following Creditor(s) shall govern as to claim amount, to be paid at the modified plan terms:

Consumer Portfolio (c#9)

The estimated pool of funds available to be paid to general unsecured creditors and estimated percentage dividend are revised to
$ _10,800.00_ (_15_%).

☐ **CASE TO BE DISMISSED**